UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG HUY DAO,<br><br>          Plaintiff,<br><br>     v.<br><br>P. TABOR, et al.,<br><br>          Defendants. | No. 2: 22-cv-0846 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's December 12, 2022 request for clarification regarding whether he should file a supplemental complaint. (ECF No. 26.)

This action proceeds on the original complaint against defendants Tabor and Hibbard. (ECF Nos. 1, 11.) Plaintiff alleges that on February 5, 2020, defendants used excessive force against plaintiff. (Id.) Plaintiff also alleges that defendants solicited a white prisoner to attack plaintiff. (Id.)

In the pending request, plaintiff alleges that he has new evidence against defendant Tabor. (ECF No. 26.) Plaintiff alleges that while plaintiff was housed in the COVID-19 isolation unit, plaintiff was near death for a few days. (Id.) Plaintiff alleges that defendant Tabor drugged and poisoned plaintiff, assaulted plaintiff, and re-infected plaintiff with COVID-19. (Id.) Plaintiff seeks information regarding whether he can add these new claims against defendant Tabor to the

pending action or whether he must file a new action with these new claims. (Id.)

Federal Rule of Civil Procedure 15(d) provides the mechanism for supplemental pleading:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

Fed.R.Civ.P. 15(d).

"While leave to permit supplemental pleading is 'favored,'" Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (quoting Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988)), "it cannot be used to introduce a 'separate, distinct and new cause of action.'" Id. (quoting Berssenbrugge v. Luce Mfg. Co., 30 F.Supp. 101, 102 (D.Mo.1939)); see also, 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 1509 (1990) (noting that leave to file a supplemental pleading will be denied where "the supplemental pleading could be the subject of a separate action").

If plaintiff's new claims against defendant Tabor are unrelated to the claims against defendant Tabor on which this action now proceeds, they should be raised in a separate action. However, the undersigned would need to review plaintiff's proposed supplemental complaint in order to make a final determination regarding this matter.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for clarification (ECF No. 26) is deemed resolved.

Dated:  January 4, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dao846.inf

2