UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG HUY DAO,<br><br>              Plaintiff,<br><br>      v.<br><br>P. TABOR, et al.,<br><br>              Defendants. | No.  2: 22-cv-0846 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Introduction

   Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 33.)  Defendants move to dismiss plaintiff's failure-to-protect claim on the grounds that plaintiff failed to exhaust administrative remedies as to this claim.  (Id.)  Defendants also argue that plaintiff is not entitled to compensatory damages as to his failure-to-protect claim because he failed to allege a physical injury.  (Id.)

   For the reasons stated herein, the undersigned recommends that defendants' motion to dismiss plaintiff's failure-to-protect claim be granted.

   Also pending is defendants' motion for an extension of time to file a reply to plaintiff's opposition.  (ECF No. 35.)  Good cause appearing, defendants' motion for extension of time is granted, and the reply is deemed timely filed.

1

Plaintiff's Claims

This action proceeds on plaintiff's complaint against defendants Correctional Officers Tabor and Hibbard. (ECF No. 1.) Plaintiff alleges that on February 5, 2020, defendants used excessive force against plaintiff in violation of the Eighth Amendment. (Id. at 2-8.) Plaintiff also allege that defendants solicited a white prisoner to attack plaintiff in violation of the Eighth Amendment, i.e., a failure-to-protect claim. (Id. at 8-9.)

Failure to Exhaust Administrative Remedies

*Legal Standard*

The Prison Litigation Reform Act of 1995 ("PLRA") requires that prisoners pursuing civil rights claims under 42 U.S.C. § 1983 must first exhaust administrative remedies. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The Supreme Court has held that the PLRA requires a prisoner to complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the prisoner seeks money damages and such relief is not available under the administrative process. See Booth v. Churner, 532 U.S. 731, 740-41 (2001); see also Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) (requiring inmates to exhaust all claims substantively and procedurally through administrative remedies before filing suit in court).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino v. Baca, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the

undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

*Discussion*

Defendants argue that it is clear from the face of plaintiff's complaint that he failed to exhaust administrative remedies as to his failure-to-protect claim. Defendants argue that plaintiff's complaint includes a grievance plaintiff alleges exhausted his claims. Defendants contend that this grievance does not allege that defendants solicited another inmate to attack plaintiff.

In his complaint, plaintiff alleges that grievance SAC-B-20-646 exhausted his administrative remedies. (ECF No. 1 at 1-2.) Plaintiff attaches copies of grievance SAC-B-20-646 to his complaint. (Id. at 13-17.) In grievance SAC-B-20-646, plaintiff alleged that defendants Hibbard and Tabor used excessive force against plaintiff on February 5, 2020. (Id. at 13-17.) In grievance SAC-B-20-646, plaintiff did not claim that defendants solicited a white prisoner to attack plaintiff. (Id.)

In his opposition to defendants' motion, plaintiff appears to concede that he failed to exhaust administrative remedies as to his failure-to-protect claim. (ECF No. 34 at 2-5.) Plaintiff does not claim that he raised his failure-to-protect claim in another grievance. (Id.)

The undersigned finds that it is clear from the face of plaintiff's complaint that plaintiff failed to exhaust administrative remedies as to his failure-to-protect claim, i.e., his claim alleging that defendants solicited a white prisoner to attack plaintiff. Accordingly, defendants' motion to dismiss plaintiff's failure-to-protect claim should be granted.

In his opposition, plaintiff also states that it may be too late for him to exhaust administrative remedies as to his failure-to-protect claim. Plaintiff requests that the court "overrule" the administrative exhaustion requirement as to his failure-to-protect claim. Plaintiff is informed that the undersigned does not have the authority to overrule the administrative exhaustion requirement.

////

////

<u>Remaining Issues</u>

In the motion to dismiss, defendants also argue that plaintiff is not entitled to compensatory damages for his failure-to-protect claim because he failed to allege a physical injury. The undersigned need not reach this argument because defendants' motion to dismiss plaintiff's failure-to-protect claim should be granted based on plaintiff's failure to exhaust administrative remedies.

In his opposition, plaintiff requests that the court provide him with discovery documents. (ECF No. 34 at 6-7.) Plaintiff is informed that the court will issue a discovery and scheduling order following receipt of defendants' answer to plaintiff's excessive force claim. The discovery and scheduling order will address discovery procedures and related deadlines. Plaintiff is informed that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall appoint a district judge to this action;
2. Defendants' motion for extension of time (ECF No. 35) is granted; the reply is deemed timely filed; and

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss plaintiff's failure-to-protect claim (ECF No. 33) be granted on the grounds that plaintiff failed to exhaust administrative remedies as to this claim; defendants be ordered to file a response to plaintiff's excessive force claim within thirty days of the adoption of these findings and recommendations by the district court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 29, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dao846.mtd