UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG HUY DAO, | No. 2: 22-cv-0846 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| P. TABOR, et al., | |
| Defendants. | |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for sanctions against defendants, filed September 21, 2023. (ECF No. 45.) Plaintiff moves for sanctions on the grounds that his request for exclusion of correctional officers from his deposition was wrongly denied. (Id.)

    On October 10, 2023, defendants filed an opposition. (ECF No. 48.) On October 23, 2013, plaintiff filed a second motion for sanctions. (ECF No. 50.) On October 26, 2023, defendants filed an opposition to plaintiff's second motion for sanctions. (ECF No. 53.)

    Plaintiff's second sanctions motion addresses arguments raised in defendants' first opposition. (Id.) Accordingly, the undersigned construes plaintiff's motion for sanctions filed

1

1  October 23, 2013 as a reply to defendants' opposition.  Nevertheless, the undersigned herein
2  considers the arguments raised by defendants in both oppositions.
3      For the reasons stated herein, defendants are ordered to file further briefing.
4  <u>Plaintiff's Arguments</u>
5      In the pending motion, plaintiff alleges that defendants scheduled plaintiff's deposition for
6  September 15, 2023, from 10:30 a.m. to 1:30 p.m.  (ECF No. 45 at 2.)   The deposition transcript
7  reflects that the deposition was conducted via videoconference.  (ECF No. 47-1 at 31.)  The court
8  reporter and defense counsel were not in the deposition room with plaintiff.  (<u>Id.</u>)  The undersigned
9  also observes that plaintiff was handcuffed during his deposition.  (<u>Id.</u>)
10     Plaintiff alleges that Correctional Officers Campos and De La Cruz escorted plaintiff to the
11 treatment center for the deposition.  (ECF No. 45 at 3.)  Plaintiff had requested a confidential setting
12 for the deposition in order to discuss his complaints.  (<u>Id.</u>)  Plaintiff asked Correctional Officers
13 Campos and De La Cruz to wait outside the glass door.  (<u>Id.</u>)  Plaintiff alleges that Deputy Attorney
14 General Patrick objected to plaintiff's request for the correctional officers to wait outside, stating
15 that the deposition did not require a confidential setting.  (<u>Id.</u>)  Correctional Officers Campos and
16 De La Cruz stayed in the room.  (<u>Id.</u>)
17     Plaintiff alleges that he asked Correctional Officer Campos to ask a sergeant about his
18 reasonable request.  (<u>Id.</u>)  Correctional Officer Campos apparently left the room to confer with the
19 sergeant.  (<u>Id.</u>)  Plaintiff alleges that Deputy Attorney General Patrick got agitated and asked the
20 court reporter to get started on the deposition.  (<u>Id.</u>)
21     Correctional Officer Campos returned a minute later and stated that the sergeant told him
22 to stay in the room where the deposition was being conducted.  (<u>Id.</u> at 4.)  Plaintiff disagreed and
23 noted with the court reporter that his due process rights were being violated.  (<u>Id.</u>)  Deputy
24 Attorney General Patrick then claimed that he had no control over California Department of
25 Corrections ("CDCR") policy regarding the presence of correctional officers at depositions.
26 (<u>Id.</u>)
27     Plaintiff speculates that Correctional Officers Campos and De La Cruz planned to report
28 back to defendants Hibbard and Tabor regarding what was spoken about them at the deposition.

(Id. at 5.)

In the pending motion, plaintiff alleges that the presence of Correctional Officers Campos and De La Cruz in the room where his deposition was conducted violated his right to due process, California Code of Regulations Title 15, § 3178 and the discovery and scheduling order issued in this action. Plaintiff requests that defendants be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Defendants' Oppositions

In the first opposition, defendants contend that "per CDCR policy, correctional officers remained in the room with plaintiff for the duration of the deposition." (ECF No. 48 at 1.) Defendants argue that the authorities plaintiff cites in support of his motion, i.e., the court's discovery and scheduling order, § 3178(m) and Rule 11, do not authorize sanctions for conducting a deposition in the presence of a third party. (Id. at 2.) Defendants also argue that in Howell v. Johnson, 2021 WL 4523719 (E.D. Cal. Oct. 4, 2021), the court found that plaintiff was not entitled to a deposition outside the presence of correctional officers. (Id.)

In the second opposition, defendants contend that at no time during the deposition did defense counsel refuse plaintiff's request that correctional officers exit the room. (ECF No. 53 at 1.) Defendants also contend that defense counsel had no control over Correctional Officers Campos, De La Cruz or any other CDCR employee. (Id. at 1-2.) Defendants argue that the decision to keep correctional officers in the same room as plaintiff for the duration of the deposition falls solely within the discretion of CDCR, not defense counsel. (Id. at 2.) Citing plaintiff's deposition testimony, defendants also argue that plaintiff agreed to proceed with the deposition and failed to seek a protective order in advance of his properly noticed deposition. (Id.)

Discussion

The undersigned agrees with defendants that the authority plaintiff cites in support of his sanctions motion is inapplicable. The discovery and scheduling order filed in this action (ECF No. 40) does not require depositions to be conducted in confidential settings. Rule 11 does not apply to plaintiff's objection made during his deposition. Fed. R. Civ. P. 11(d) ("This rule does

3

not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.").

Finally, section 3178 of Title 15 does not require confidential depositions. Section 3178 addresses attorney visitations and consultations. Section 3178(m) provides that conversations between an inmate and an attorney and/or attorney representative shall not be listened to or monitored, except for that visual observation by staff which is necessary for the safety and security of the institution. Section 3178(m) applies to attorneys acting on behalf of inmates, not the deposition of an inmate by opposing counsel.

The undersigned finds that Federal Rule of Civil Procedure 30(d)(2) provides the legal authority for plaintiff's motion. Rule 30(d)(2) provides that the court may impose "appropriate sanctions—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."

The undersigned first clarifies the facts regarding plaintiff's pending motion. The deposition transcript contains plaintiff's request for exclusion of correctional officers and his related objection to their presence:

> Court Reporter: We are on the record. My name is Laurie L. Fremon, a California State Certified Shorthand Reporter, and this deposition is being held via videoconferencing equipment. The witness and reporter are not in the same room. The witness will be sworn in remotely.
>
> Correctional Officer: We can be in the corner of the room.
>
> Plaintiff: You all can't be outside the door?
>
> Correctional Officer: No. It's just per policy, that's how they have it.
>
> Plaintiff: Oh, corner room it is, yeah.

(ECF No. 47-1 at 31.)

> Q: Okay. Thank you for sharing that. Is there any other reason that you know of why you can't participate in the deposition this morning?
>
> A: No, not really. Just that I have—I don't—the only—I would say the only—the only—the only reason I would say that I hesitate for this deposition is that there's the two COs—you know what I'm

> saying—in the room, and I want to keep my litigation private. Other than that—you know what I'm saying—but the supervisor, he has to be in here. So we just have to go ahead and proceed with it. You know what I'm saying?
>
> Q: Yeah, thank you for understanding that. So, moving on, did you do anything to prepare for this deposition?

(ECF No. 47-1 at 36.)

The version of events described in plaintiff's sanctions motion is unsworn. Accordingly, the undersigned considers the version of events contained in the deposition transcript, quoted above, in evaluating the pending motion. See Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266–67 (9th Cir.1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").

The undersigned herein discusses Howell v. Johnson, 2021 WL 4523719, (E.D. Cal. Oct. 4, 2021), cited by defendants in the opposition. In Johnson, defendants moved to compel plaintiff's deposition. Id. at *1. In the opposition, plaintiff requested that he be deposed in a room with no other person present or able to overhear the deposition, but correctional staff could observe plaintiff through the glass as long as they could not overhear. Id. The undersigned found that it was clear that a change in securing plaintiff occurred as a result of plaintiff's recent criminal battery conviction. Id. at *3. "In light of such a recent conviction, the court defers to prison officials as to what security is needed at that time." Id. The deposition in Howell was to be conducted via video conference. (See ECF No. 20-cv-520, ECF No. 32-1.)[1]

In Hash v. Cate, 2012 WL 6025726 (N.D. Cal. Dec. 4, 2012), cited by plaintiff in his reply, the plaintiff moved for a protective order excluding correctional officers from his deposition. Id. at *4. There is no indication that the deposition in Hash was to be conducted via video conference. In Hash, the court recognized that defense counsel and the court reporter had reasonable safety concerns about proceeding with the deposition of a violent convicted murderer of imposing stature without a security presence in the room. Id. The court found that plaintiff had not shown good cause for the entry of a protective order excluding correctional officers from

---

[1] The undersigned takes judicial notice of the court record in Howell v. Johnson, 2:20-cv-0520. Fed. R. Evid. 201.

plaintiff's deposition. Id. The court ordered defense counsel to inform the correctional officers present during the deposition that the court ordered them not to discuss the contents of the deposition with others. Id.

The undersigned also notes another case cited by neither party, Howell v. Villareal, 2021 WL 3662407 (E.D. Cal. Aug. 18, 2021). In this case, the plaintiff moved for a protective order to have his deposition conducted confidentially. Id. at *1. The defendants, represented by the Office of the California State Attorney General like defendants in the instant action, filed a response to plaintiff's motion.[2] In the response, defendants argued that plaintiff's deposition was not confidential but that,

> CDCR staff will not be present in the room during plaintiff's deposition and the door will be closed. CDCR staff will, however, maintain visual monitoring throughout the deposition. The deposition is being conducted remotely and there are no specific safety concerns since neither defendant's counsel nor the court reporter will be located in the room with plaintiff. Staff will only briefly be in the room before the deposition starts to assist in setting everything up and making sure it all works properly. Staff may enter the room at other times during the deposition to assist with any technical difficulties.

Id.

The court in Villareal denied plaintiff's motion for a protective order. Id.

In Johnson and Hash, the courts denied the plaintiffs' requests for exclusion of correctional officers from depositions based on specific security concerns. In contrast, the record in plaintiff's case does not contain the specific security concerns on which plaintiff's request for exclusion of correctional officers was denied. Villareal also indicates that correctional officers may be excluded from some video conference depositions.

The undersigned agrees with defendants that the better practice would have been for plaintiff to seek a protective order prior to his deposition requesting the exclusion of correctional officers. The undersigned also finds that plaintiff did not waive his objection to the presence of

---

[2] The undersigned takes judicial notice of the records in Howell v. Villarreal, 1:19-cv-1178, reflecting that defendants were represented by the Office of the California State Attorney General. Fed. R. Evid. 201.

correctional officers by agreeing to proceed with the deposition.

The undersigned requires additional information in order to evaluate the merits of plaintiff's motion for sanctions, as well as to understand the procedures for depositions involving other incarcerated parties. Accordingly, defendants are ordered to file further briefing.

In the further briefing, defendants shall address whether defense counsel communicated with any CDCR official prior to the September 15, 2023 deposition regarding the presence of correctional officers and/or the handcuffing of plaintiff during the video conference deposition. Defendants shall also identify the CDCR policy, referred to in the opposition, requiring or permitting correctional officers to remain in the room with plaintiff for the duration of the video conference deposition. Defendants shall also address any security concerns based on which plaintiff's request for exclusion of correctional officers was denied. Defendants shall also address whether and/or how the handcuffing of plaintiff during the deposition factored into the decision denying plaintiff's request for exclusion of correctional officers (i.e. can he be uncuffed so that he can make notes?).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (ECF No. 50) is construed as a reply to defendants' opposition; and
2. Within fourteen days of the date of this order, defendants shall file the further briefing discussed above.

Dated: November 8, 2023

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

Dao846.san

7