UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CUONG HUY DAO,

    Plaintiff,

v.

P. TABOR, et al.,

    Defendants.

No. 2: 22-cv-0846 TLN KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions to extend the discovery deadline and to compel. (ECF Nos. 46, 52.) For the reasons stated herein, plaintiff's motions are denied.

Motion to Extend the Discovery Deadline (ECF No. 46)

*Legal Standard*

Under Federal Rule of Civil Procedure ("Rule") 16, the Court is required to issue a scheduling order as soon as practicable, and the order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

////

1    "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking
2    amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). A
3    court may modify the schedule "if it cannot reasonably be met despite the diligence of the party
4    seeking the extension." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002)
5    (citing Johnson, 975 F.2d at 609). However, "carelessness is not compatible with a finding of
6    diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609 (compiling cases).
7    Thus, if the party seeking the modification "was not diligent, the inquiry should end." Id.

*Discussion*

9    On June 12, 2022, the court issued a discovery and scheduling order. (ECF No. 40.) This
10   order stated that the parties could conduct discovery until October 6, 2023. (Id. at 5.) Any
11   motions to compel were to be filed by that date. (Id.) This order also stated that all requests for
12   discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 shall be served not later
13   than sixty days prior to October 6, 2023, i.e., by August 7, 2023. (Id.)
14   Pursuant to the mailbox rule, plaintiff filed the motion to extend the discovery deadline on
15   September 27, 2023. (ECF No. 46 at 4.) In this motion, plaintiff requests a 90 days extension of
16   the discovery deadline because "plaintiff and defendants are working to complete the discovery
17   process." (Id. at 1-2.)
18   Plaintiff does not address why he was unable to meet the discovery deadlines set in the
19   June 12, 2022 discovery and scheduling order. Plaintiff's statement that the parties are working
20   to complete the discovery process also does not demonstrate that plaintiff was unable to meet the
21   discovery deadlines despite his own diligence (moreover it does not indicate that defendants join
22   in the request). Accordingly, plaintiff's motion for a 90 days extension of the discovery deadline
23   is denied.

24   Plaintiff's Motion to Compel (ECF No. 52)

25   Plaintiff moves to compel defendants' responses to plaintiff's request for production of
26   documents, interrogatories and request for admissions. (ECF No. 52 at 1.) Defendants oppose
27   plaintiff's motion to compel. (ECF No. 55.)
28   In the motion to compel, plaintiff alleges that he served defendants with the at-issue

2

1 discovery requests but defendants failed to respond before the October 6, 2023 discovery

2 deadline. (ECF No. 52 at 1.) In the motion to compel, plaintiff states that he served his discovery

3 requests on September 10, 2023, September 26, 2023, and September 27, 2023. (Id. at 10.)

4     In the motion to compel, plaintiff states that on October 6, 2023, defense counsel served a

5 notice stating that defendants received the following discovery requests from plaintiff: 1) first

6 request for production of documents dated September 24, 2023; 2) first set of interrogatories

7 dated September 26, 2023; and 3) first set of requests for admissions dated September 26, 2023.

8 (Id. at 11.) Defense counsel informed plaintiff that the deadline to serve written discovery

9 requests was August 7, 2023. (Id. at 12.) Defense counsel informed plaintiff that defendants

10 would not respond to plaintiff's discovery requests because they were untimely. (Id.)

11     In the motion to compel, plaintiff alleges that defendants "deployed unlawful deploying

12 tactic to evade the court's discovery order process." (Id.) Plaintiff requests that the court order

13 defendants to respond to his discovery requests. (Id.)

14     Defendants oppose plaintiff's motion to compel on the ground that the discovery requests

15 are untimely. (ECF No. 55.) Defendants state that plaintiff mailed his discovery requests on the

16 following dates: 1) request for production of documents mailed September 24, 2023; and 2)

17 request for admissions and interrogatories mailed September 26, 2023. (ECF No. 55-1 at 1.)

18     As discussed above, the discovery and scheduling order stated that all requests for

19 discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 shall be served not later

20 than sixty days prior to October 6, 2023. (ECF No. 40 at 5.) Sixty days prior to October 6, 2023,

21 was August 7, 2023. Therefore, plaintiff's at-issue discovery requests are untimely because they

22 were served after August 7, 2023. Plaintiff's apparent misunderstanding of the discovery

23 deadlines set in the discovery and scheduling order is not good cause to deem plaintiff's at-issue

24 discovery requests timely. See Johnson, 975 F.2d at 609 ("carelessness is not compatible with a

25 finding of diligence and offers no reason for a grant of relief.").

26 ////

27 ////

28 ////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to extend the discovery deadline (ECF No. 46) is denied; and
2. Plaintiff's motion to compel (ECF No. 52) is denied.

Dated: November 29, 2023

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dao846.com(p)

4