UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG HUY DAO,<br><br>    Plaintiff,<br><br>    v.<br><br>P. TABOR, et al.,<br><br>    Defendants. | No. 2: 22-cv-0846 TLN KJN P<br><br><br>ORDER |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for sanctions against defendants filed September 21, 2023. (ECF No. 45.) Plaintiff moves for sanctions on the grounds that his request for exclusion of correctional officers from his deposition was wrongly denied. (Id.) For the reasons stated herein, plaintiff's motion for sanctions is denied.

Background

    In the pending motion, plaintiff alleges that defendants scheduled plaintiff's deposition for September 15, 2023, from 10:30 a.m. to 1:30 p.m. (ECF No. 45 at 2.) The deposition transcript reflects that the deposition was conducted via videoconference. (ECF No. 47-1 at 31.) The court

1

reporter and defense counsel were not in the deposition room with plaintiff. (Id.)

Plaintiff alleges that Correctional Officers Campos and De La Cruz escorted plaintiff to the treatment center for the deposition. (ECF No. 45 at 3.) Plaintiff requested a confidential setting for the deposition in order to discuss his complaints. (Id.) Plaintiff asked Correctional Officers Campos and De La Cruz to wait outside the glass door. (Id.) Plaintiff alleges that Deputy Attorney General Patrick objected to plaintiff's request for the correctional officers to wait outside, stating that the deposition did not require a confidential setting. (Id.) Correctional Officers Campos and De La Cruz stayed in the room. (Id.)

Plaintiff alleges that he asked Correctional Officer Campos to ask a sergeant about his reasonable request. (Id.) Correctional Officer Campos left the room to confer with the sergeant. (Id.) Plaintiff alleges that Deputy Attorney General Patrick got agitated and asked the court reporter to get started on the deposition. (Id.)

Correctional Officer Campos returned a minute later and stated that the sergeant told him to stay in the room where the deposition was being conducted. (Id. at 4.) Plaintiff disagreed and noted with the court reporter that his due process rights were being violated. (Id.) Deputy Attorney General Patrick then claimed that he had no control over California Department of Corrections ("CDCR") policy regarding the presence of correctional officers at depositions. (Id.)

Plaintiff speculates that Correctional Officers Campos and De La Cruz planned to report back to defendants Hibbard and Tabor regarding what was spoken about them at the deposition. (Id. at 5.)

In the pending motion, plaintiff alleges that the presence of Correctional Officers Campos and De La Cruz in the room where his deposition was conducted violated his right to due process, California Code of Regulations Title 15, § 3178 and the discovery and scheduling order issued in this action. Plaintiff requests that defendants be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure.

On October 10, 2023, defendants filed an opposition to plaintiff's motion for sanctions. (ECF No. 48.) In this opposition, defendants claimed that "per CDCR policy, correctional

1  officers remained in the room with plaintiff for the duration of the deposition." (Id. at 1.)
2  Defendants argued that the authorities plaintiff cited in support of his motion, i.e., the court's
3  discovery and scheduling order, § 3178(m) and Rule 11, did not authorize sanctions for
4  conducting a deposition in the presence of a third party. (Id. at 2.) Defendants also argued that in
5  Howell v. Johnson, 2021 WL 4523719 (E.D. Cal. Oct. 4, 2021), the court found that plaintiff was
6  not entitled to a deposition outside the presence of correctional officers. (Id.)

7  On October 23, 2013, plaintiff filed a second motion for sanctions. (ECF No. 50.) On
8  October 26, 2023, defendants filed an opposition to plaintiff's second motion for sanctions. (ECF
9  No. 53.) In the second opposition, defendants claimed that at no time during the deposition did
10 defense counsel refuse plaintiff's request that correctional officers exit the room. (Id. at 1.)
11 Defendants also claimed that defense counsel had no control over Correctional Officers Campos,
12 De La Cruz or any other CDCR employee. (Id. at 1-2.) Defendants claimed that the decision to
13 keep correctional officers in the same room as plaintiff for the duration of the deposition fell
14 solely within the discretion of CDCR, not defense counsel. (Id. at 2.) Citing plaintiff's
15 deposition testimony, defendants also claimed that plaintiff agreed to proceed with the deposition
16 and failed to seek a protective order in advance of his properly noticed deposition. (Id.)

17 On November 8, 2023, the undersigned issued an order construing plaintiff's second
18 motion for sanctions as a reply to defendants' first opposition. (ECF No. 57.) The undersigned
19 also ordered defendants to file further briefing addressing the following matters: 1) whether
20 defense counsel communicated with any CDCR official prior to the September 15, 2023
21 deposition regarding the presence of correctional officers and/or the handcuffing of plaintiff
22 during the video conference deposition; 2) the CDCR policy, referred to in the opposition,
23 requiring or permitting correctional officers to remain in the room with plaintiff for the duration
24 of the video conference deposition; 3) any security concerns based on which plaintiff's request
25 for exclusion of correctional officers was denied; and 4) whether and/or how the handcuffing of
26 plaintiff during the deposition factored into the decision denying plaintiff's request for exclusion
27 of correctional officers (i.e., could plaintiff be uncuffed so that he could take notes?). (Id. at 7.)
28 ////

On December 1, 2023, defendants filed a response to the further briefing order. (ECF No. 65.) In declarations attached to the further briefing, both defense counsel who attended the video conference deposition state that prior to being sworn to testify, and prior to the recorded proceedings, plaintiff informed defense counsel that he did not want California State Prison-Sacramento ("CSP-Sac") correctional officers present during the deposition. (ECF Nos. 65-1 at 2, ECF No. 65-2 at 2.) Defense counsel state that one of the correctional officers briefly left the room to confer with a sergeant or supervisor. (ECF Nos. 65-1 at 2, ECF No. 65-2 at 2.) Upon returning, the officer informed plaintiff that they (the correctional officers) were required to remain present. (ECF Nos. 65-1 at 2, ECF No. 65-2 at 2.) The correctional officers then situated themselves in the rear of the room and remained there throughout the proceedings. (ECF Nos. 65-1 at 2, ECF No. 65-2 at 2.)

Both defense counsel who attended the video conference deposition state that they did not communicate with any prison official regarding the conditions for the deposition, whether correctional officers could or should be present, or whether plaintiff should remain in handcuffs or other restraints during the deposition. (ECF Nos. 65-1 at 2, 65-2 at 2.)

In support of the further briefing, defendants submitted the declaration of CSP-Sac Associate Warden V. Martinez. (ECF No. 65-4.) In his declaration, Associate Warden Martinez addresses other issues raised in the further briefing order. Associate Warden Martinez states that remote court appearances and depositions conducted by videoconferencing technology are governed by CSP-Sac Operational Procedure ("OP") 143. (Id. at 2.) This policy was implemented to assure that on-site proceedings are conducted in an efficient, safe and secure manner. (Id.) Correctional staff overseeing these proceedings are trained in the use of videoconferencing equipment to assure a reliable connection to other participants. (Id.) Correctional staff are also tasked with escorting an inmate to and from his scheduled appearance and remaining nearby the proceedings to provide security coverage throughout. (Id.)

Associate Warden Martinez states that videoconference proceedings are not deemed confidential, though it is common for correctional staff to afford privacy to inmates who are represented by counsel to meet and discuss matters outside the presence of staff, at their request,

prior to or following the proceedings so as not to overhear privileged and confidential communications between inmates and their attorneys. (Id.) Correctional staff are expected to maintain visual observation of inmates and their attorneys throughout, including during confidential conversations. (Id.) Typically, such conversations are conducted in separate interview areas or small rooms nearby. (Id.)

Associate Warden Martinez states that plaintiff's deposition was conducted at CSP-Sac Facility A's Mental Health Treatment Center ("MHTC"). The MHTC includes a room designated for court appearances and other related activities requiring the use of videoconferencing equipment. (Id.) A minimum of two correctional officers are assigned to the MHTC videoconferencing room during such proceedings. (Id.) They are tasked with assuring the equipment and audio and video is functioning properly and are often summoned by inmates to help adjust the equipment's settings. (Id.) Accordingly, staff are expected to remain nearby should such needs arise. (Id.)

Associate Warden Martinez states that other factors also impact the manner in which correctional staff facilitate remote proceedings. (Id.) Among them are the placement score and custody status of an inmate, as these factors dictate the degree of oversight necessary for staff to conduct the proceedings in a safe and secure manner. (Id. at 2-3.) Any inmate designated as "maximum custody" must be escorted in hand restraints, such as handcuffs or waist restraints, at all times. (Id. at 3.) This may include time spent in the proceedings, based on an inmate's classification and placement score. (Id.)

Associate Warden Martinez states that at the time of plaintiff's September 15, 2023 deposition, plaintiff was designated as "maximum custody," and had a placement score of 452. (Id.) At the time of plaintiff's most recent classification review, he had committed two aggravated battery offenses against staff, assaulted an inmate on another occasion, and disobeyed an order by custody staff. (Id.) In addition, at the time of the deposition, plaintiff was also classified as a Level IV security inmate, the level signifying inmates within the prison population deemed the most dangerous and requiring the highest degree of security precautions, including handcuffing and constant observation. (Id.) Maximum custody inmates must remain "under the

5

direct supervision and control of custody staff" at all times.  Cal. Code Regs. Tit. 15, §3377.1(a)(1)(C).  (Id.)

Associate Warden Martinez states that although inmates with lower classifications and placement scores may be allowed to attend proceedings without hand restraints, maximum custody inmates and those classified Level IV are required to remain in hand restraints throughout.  (Id.)  Associate Warden Martinez states that although there are windows in the MHTC video conferencing room where staff can view the proceedings from outside the room, the officers' decision to remain inside the room is consistent with policies governing maximum custody inmate security measures.  (Id. at 3-4.)

In the December 1, 2023 pleading, defendants also provided the declaration of Correctional Officer Campos who escorted plaintiff to the deposition.  (ECF No. 65-3.)  Officer Campos states that plaintiff wore waist chain restraints during the deposition.  (Id. at 2.)  Unlike traditional handcuffs, waist restraints have a chain affixed to the waist that allow an individual to move each of his or her arms to the side and to the front.  (Id.)  Plaintiff remained in these waist chain restraints during the entirety of the deposition and was never required to wear more restrictive handcuffs.  (Id.)  Officer Campos states that in no way was plaintiff secured in a manner that prevented him from moving his arms, retrieving paperwork or taking handwritten notes.  (Id.)  Officer Campos states that plaintiff brought materials with him to the deposition, including paperwork which he held up to the camera and referenced multiple times during the deposition.  (Id.)

In their declarations, defense counsel state that other than plaintiff indicating at the beginning of the deposition that he could not raise his right hand to take the oath, they cannot recall another instance, whether on or off the record, when plaintiff advised that hand restraints prevented him from taking notes or accessing materials necessary for the deposition.  (ECF Nos 65-1 at 2, 65-2 at 2.)  Both defense counsel recall several instances later in the deposition where plaintiff was able to access paperwork he brought to the deposition, refer to it during his testimony, and hold it up in view of the camera to identify the documents.  (ECF Nos. 65-1 at 2, 65-2 at 2.)

Discussion

As discussed in the November 8, 2023 order, Federal Rule of Civil Procedure 30(d)(2) provides the legal authority for plaintiff's pending motion. Rule 30(d)(2) states that the court may impose "appropriate sanctions—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."

Defendants' further briefing reflects that correctional officers remained in the room with plaintiff for the duration of the deposition and applied waist restraints based on plaintiff's maximum custody status, placement score of 452 and record of having committed two aggravated battery offenses against staff, assault of an inmate and failure to obey an order by custody staff. Defendants' further briefing also reflects that plaintiff was able to access his paperwork and otherwise participate in the deposition despite wearing waist restraints. Based on these circumstances, the undersigned finds that the presence of correctional officers in the room with plaintiff for the duration of the deposition and the application of waist restraints was not unreasonable. Accordingly, plaintiff's motion for sanctions pursuant to Rule 30(d)(2) is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for sanctions (ECF No. 45) is denied.

Dated:  December 13, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dao846.san(ord)