UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG HUY DAO, | No. 2:22-cv-00846 TLN KJN P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| P. TABOR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, plaintiff's request for an order directing California State Prison-Sacramento ("CSP-Sac") officials to stop tampering with his legal mail is denied as moot.[1]

////

////

////

---

[1] This action proceeds on plaintiff's complaint against defendants CSP-Sac Correctional Officers Tabor and Hibbard. (ECF No. 1.) Plaintiff alleges that on February 5, 2020, defendants used excessive force against plaintiff. (<u>Id.</u> at 2-8.) Plaintiff's request for an order directing CSP-Sac officials to stop tampering with his legal mail is unrelated to the merits of this action. Accordingly, the undersigned may address plaintiff's request by order. See <u>Shields v. Cannon</u>, 2012 WL 1604877 (E.D. Cal. May 7, 2012) (magistrate judge may issue orders addressing procedures parties utilize in litigating case, unrelated to merits of the action).

1

Background

On December 18, 2023, plaintiff filed a pleading alleging that CSP-Sac Correctional Officer Minh tampered with plaintiff's incoming legal mail. (ECF No. 67.) On December 22, 2023, plaintiff filed a motion for extension of time alleging that Correctional Officer Minh tampered with plaintiff's legal mail. (ECF No. 70.) Plaintiff also claimed that Sergeant Martin failed to respond to plaintiff's complaints regarding Correctional Officer Minh. (Id.)

On January 2, 2024, the undersigned ordered defendants to file a status report addressing plaintiff's allegations regarding legal mail tampering. (ECF No. 71.)

On January 25, 2024, plaintiff filed a notice of change of address indicating that he is now housed at California State Prison-Lancaster ("CSP-Lac"). (ECF No. 75.)

On January 30, 2024, defendants filed a response to plaintiff's allegations regarding legal mail tampering. (ECF No. 76.) Defendants attach to their response the declaration of Correctional Officer Minh. (ECF No. 76-2.) Correctional Officer Minh states that at no time did he tamper with plaintiff's mail. (Id.) Correctional Officer Minh states that on December 4, 2023, December 5, 2023, and December 18, 2023, plaintiff refused to receive or sign for legal mail that Correctional Officer Minh attempted to deliver to him. (Id.)

Defendants also attach to their response the declaration of Sergeant Martin. (ECF No. 76-1.) Sergeant Martin states that on December 26, 2023, plaintiff claimed that Correctional Officer Minh refused to give him legal mail. (Id. at 1-2.) The mail log for this legal mail reflected that on December 26, 2023, Correctional Officer Minh attempted to deliver two pieces of legal mail to plaintiff, but plaintiff refused to accept or sign for the mail. (Id.) On December 26, 2023, Sergeant Martin asked plaintiff if he wanted this mail, and plaintiff confirmed that he did. (Id. at 2.) Sergeant Martin retrieved the two pieces of mail and delivered them to plaintiff. (Id.) Plaintiff signed the mail log confirming receipt.[2] (Id.) Sergeant Martin states that at no time did he tamper with plaintiff's mail. (Id.)

---

[2] In his declaration, Correctional Officer Minh does not specifically address the legal mail plaintiff claimed Correctional Officer Minh failed to deliver on December 26, 2023, discussed by Sergeant Martin in his declaration.

2

Discussion

In the January 30, 2024 response, defendants argue that plaintiff's allegations regarding legal mail tampering appear to have been fabricated and intended to harass CSP-Sac staff to gain an unfounded litigation advantage, unduly burden prison officials and staff, distract from the weaknesses in his merits case, and somehow obtain favor with the court. Defendants request that the court find in their favor and admonish plaintiff for unnecessarily delaying the litigation of this matter by refusing to accept service of defendants' pleadings and correspondence with the court's orders.

Plaintiff is no longer housed at CSP-Sac, where the alleged legal mail tampering occurred. Accordingly, plaintiff's request for an order directing prison officials at CSP-Sac to stop tampering with his legal mail is denied as moot. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Because plaintiff's request is moot, the undersigned need not address the merits of plaintiff's claims regarding the alleged legal mail tampering at CSP-Sac.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for an order directing officials at CSP-Sac to stop tampering with his legal mail is denied as moot.

Dated: February 1, 2024

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dao846.ord

3