1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CUONG HUY DAO,                              No.  2:22-cv-0846-TLN-KJN

12                Plaintiff,

13         v.                                    **ORDER**

14   P. TABOR, et al.,

15                Defendant.

16

17         Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pursuant to the mailbox rule, on February 12, 2024, Plaintiff filed a request

19   for reconsideration of the magistrate judge's Order filed November 29, 2023, denying Plaintiff's

20   motion to compel.  (ECF Nos. 63, 78.)

21         Pursuant to the mailbox rule, on February 13, 2024, Plaintiff filed a pleading docketed as

22   objections to the magistrate judge's Order filed February 1, 2024.  (ECF No. 77, 79.)  In the

23   February 1, 2024 Order, the magistrate judge denied Plaintiff's request for an order directing

24   California State Prison-Sacramento ("CSP-Sac") officials to stop tampering with plaintiff's legal

25   mail as moot.  (ECF Nos. 77, 79.)  This Court construes Plaintiff's objections as a request for

26   reconsideration of the February 1, 2024 Order.

27         For the reasons stated herein, Plaintiff's requests for reconsideration are DENIED.

28   ////

                                                   1

1  Request for Reconsideration of Order Filed November 29, 2023

2          Local Rule 303(b), states "rulings by Magistrate Judges . . . shall be final if no

3  reconsideration thereof is sought from the Court within fourteen days . . . from the date of service

4  of the ruling on the parties."  *Id.*  Plaintiff's request for reconsideration of the magistrate judge's

5  Order of November 29, 2023, is untimely because it was filed on February 12, 2024.

6          In previous motions, Plaintiff claimed that prison officials tampered with his legal mail on

7  or around the time the magistrate judge issued the November 29, 2023 Order.  (ECF Nos. 67, 70.)

8  In the pending request, Plaintiff does not explain why he did not file a timely request for

9  reconsideration of the November 29, 2023 Order.  In an abundance of caution, this Court

10  considers the merits of Plaintiff's request for reconsideration.

11          Pursuant to E.D. Local Rule 303(f), a magistrate judge's orders shall be upheld unless

12  "clearly erroneous or contrary to law."  Upon review of the entire file, this Court finds that the

13  magistrate judge's November 29, 2023 Order denying Plaintiff's motion to compel was not

14  clearly erroneous or contrary to law.

15          Accordingly, Plaintiff's request for reconsideration of the November 29, 2023 Order is

16  DENIED.

17  Request for Reconsideration of Order Filed February 1, 2024

18          On February 1, 2024, the magistrate judge denied Plaintiff's request for an order directing

19  CSP-Sac officials to stop tampering with his legal mail as moot because Plaintiff was no longer

20  housed at CSP-Sac.  (ECF No. 77.)

21          In the request for reconsideration, Plaintiff does not dispute that he is no longer housed at

22  CSP-Sac.  (ECF No. 79.)  Plaintiff again alleges that CSP-Sac officials tampered with his legal

23  mail.[1]  (Id. at 2-6.)

24          In the request for reconsideration, Plaintiff also claims that on January 3, 2024, he

25  transferred to California State Prison-Lancaster ("CSP-Lac").  (Id. at 7.)  Plaintiff alleges that

26

27  _____

[1]      This Court observes that on January 2, 2024, the magistrate judge granted Plaintiff an
28  opportunity to obtain orders and/or pleadings that Plaintiff allegedly failed to receive during
November 2023 and December 2023 while housed at CSP-Sac.  (ECF No. 71 at 3.)

1    prison officials at CSP-Lac tampered with his legal mail.  (<u>Id.</u> at 7.)  Plaintiff alleges that on

2    January 23, 2024, he transferred to Salinas Valley State Prison ("SVSP").  (<u>Id.</u>)  Plaintiff alleges

3    that prison officials at SVSP poisoned his food and assaulted him.  (<u>Id.</u> at 7-9.)  Plaintiff alleges

4    that he returned to CSP-Lac on February 9, 2024.  (<u>Id.</u> at 10.)

5           Upon review of the entire file, this Court finds that the magistrate judge's February 1,

6    2024 Order, denying Plaintiff's request for an order directing CSP-Sac officials to stop tampering

7    with Plaintiff's legal mail as moot was not clearly erroneous or contrary to law.  Local Rule

8    303(f).  Accordingly, Plaintiff's request for reconsideration of the February 1, 2024 Order is

9    DENIED.

10          This Court does not consider the new claims regarding SVSP and CSP-Lac raised in the

11   request for reconsideration of the February 1, 2024 Order because these claims were not raised

12   before the magistrate judge.

13          Finally, in his request for reconsideration, Plaintiff requests appointment of counsel.

14   (ECF No. 79 at 1.)  This request is referred back to the magistrate judge.

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's Request for Reconsideration of the magistrate judge's November 29, 2023 Order denying Plaintiff's Motion to Compel (ECF No. 78) is DENIED;

2.  Plaintiff's objections (ECF No. 79) construed as a Request for Reconsideration of the magistrate judge's February 1, 2024 Order denying Plaintiff's request for an order directing CSP-Sac officials to stop tampering with Plaintiff's legal mail as moot, is DENIED; and

3.  This case is referred back to the magistrate judge for further pre-trial proceedings.

Date:  February 29, 2024

Troy L. Nunley
United States District Judge

4